IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN RICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:14cv476 |
| VS. | § | |
| | § | Jury Trial Demanded |
| BAH TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Justin Rice files this Complaint against Defendant BAH Texas, LLC.

## Parties

1. Plaintiff Justin Rice is an individual residing in Houston, Harris County, Texas.

2. Defendant BAH Texas, LLC is a Texas limited liability company with its principal place of business in Nashville, Tennessee. BAH Texas, LLC may be served with process through its registered agent, National Registered Agents, Inc., 1021 Main Street, Suite 1150, Houston, Texas 77002.

## Jurisdiction and Venue

3. The Court has federal question jurisdiction over this case because the case arises under Title VII of the Civil Rights Act of 1964 and the Fair Labor Standards Act.

4. Venue is proper in this District because all of the relevant events took place in this District.

## Factual Background

5. BAH Texas is a franchisee of Church's Fried Chicken and operates the Church's Fried Chicken on Hughes Road in Houston, Texas ("Church's #1476").

1

6. Mr. Rice went to work at Church's #1476 in June 2012 as a cook. He was an hourly employee with a base schedule of 38 hours per week. From the beginning, however, he was required to work a large number of hours on an "off the clock" basis. He typically worked 50 to 60 hours per week or more. He was instructed not to report these hours. On the one occasion when he did report some of these hours, he and his store manager were chastised by the general manager.

7. While Mr. Rice was working at Church's #1476, Jessica Ixcoy became his manager. From her first day on the job, she sexually harassed Mr. Rice. On that day, another employee told Mr. Rice that he saw Ms. Ixcoy standing behind Mr. Rice making grabbing gestures toward his read end. Ms. Ixcoy later showed Mr. Rice her breasts and began sending him flirtatious text messages. This conduct was unwelcome to Mr. Rice.

8. Mr. Rice's wife learned of Ms. Ixcoy's harassment. On December 19, 2012, she complained about it to the corporate office for BAH Texas. When Ms. Ixcoy learned of this, she forced Mr. Rice under threat of termination to write a letter calling his wife a liar and saying that she was just jealous. This contributed to the subsequent separation of Mr. Rice from his wife.

9. While Mr. Rice and his wife were separated, Ms. Ixcoy demanded sex from Mr. Rice. When Mr. Rice hesitated, Ms. Ixcoy asked him "Do you want your job?" Mr. Rice complied with her demand for sex.

10. On January 1, 2013, Mr. Rice reconciled with his wife. When Ms. Ixcoy learned of this, she became furious and began to persecute Mr. Rice at the workplace. She sent him many texts and made many phone calls to Mr. Rice and his wife. She threatened to force Mr. Rice to transfer to another store that was many miles away. Mr. Rice did not own a car, so he could not have worked at that store and would thus have been forced to quit his job.

11. On January 3, 2013, Ms. Ixcoy finally fired Mr. Rice. She told another employee that she would lie about her actions and that she would blackball Mr. Rice if he tried to get another job in the fast food industry.

12. On February 12, 2013, counsel for Mr. Rice sent a demand letter to BAH Texas. The letter listed the various violations of the overtime laws and Title VII at Church's #1476. BAH fired Ms. Ixcoy and offered to reinstate Mr. Rice.

13. Mr. Rice accepted reinstatement, but immediately encountered retaliation from local BAH Texas personnel. When Mr. Rice called the general manager as instructed by BAH Texas's corporate office, she berated him and then refused to speak to him. After the corporate office told her to speak to Mr. Rice and to reinstate him immediately, she slashed Mr. Rice's hours to less than 20 hours per week. This was not sufficient to meet Mr. Rice's financial needs.

14. The retaliation made it infeasible for Mr. Rice to continue working at Church's #1476. No reasonable employee would have continued working at Church's #1476. Mr. Rice was forced to quit his job and to take a replacement position, but this was a constructive termination.

15. All conditions precedent have occurred or been satisfied.

**Claim One: Violation of Title VII and Chapter 21 of the Texas Labor Code**

16. Mr. Rice was an employee for purposes of Title VII and Chapter 21 of the Texas Labor Code.

17. BAH Texas was an employer for purposes of Title VII and Chapter 21 of the Texas Labor Code.

18. BAH Texas violated Title VII and Chapter 21 of the Texas Labor Code in several ways: (a) Mr. Rice's supervisor sexually harassed him and created a sexually hostile work

environment, and BAH failed to investigate or take any remedial action even after Mr. Rice's wife had reported the misconduct; (b) Mr. Rice's supervisor terminated Mr. Rice as a result of sexual harassment, including *quid pro quo* sexual harassment; (c) BAH Texas retaliated against Mr. Rice by, among other things, slashing his hours after he was reinstated; and (d) BAH Texas constructively discharged Mr. Rice through its retaliatory actions.

19. Mr. Rice filed a timely charge of discrimination with the EEOC and the TWC on May 16, 2013. The EEOC issued a right to sue letter on February 4, 2014.

20. BAH Texas is therefore liable to Mr. Rice for back pay, reinstatement or in the alternative front pay, compensatory damages including punitive damages, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

### Claim Two: Violation of the Fair Labor Standards Act

21. Mr. Rice was a non-exempt employee for purposes of the FLSA.

22. BAH Texas was an employer for purposes of the FLSA.

23. Mr. Rice was required to work more than forty hours per week, but was forced to do so on an "off the clock" basis. Accordingly, Mr. Rice was entitled to, but did not receive, overtime pay for hours over forty per work.

24. BAH Texas thus violated the FLSA and is liable to Mr. Rice for the unpaid overtime, liquidated damages under the FLSA, attorneys' fees, pre- and post-judgment interest as permitted by law, and all costs of court.

For the foregoing reasons, BAH Texas should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Mr. Rice and against BAH Texas for the following:

(1) actual damages;

(2) liquidated damages under the FLSA;

(3) punitive damages under Title VII and Chapter 21;

(4) attorneys' fees;

(5) pre- and post-judgment interest as provided by law;

(6) all costs of court; and

(7) any other relief to which Plaintiff may be entitled.

        Respectfully submitted,

        /s/ David C. Holmes
        David C. Holmes, Attorney in Charge
        State Bar No. 09907150
        Southern District No. 5494
        13201 Northwest Freeway, Suite 800
        Houston, Texas 77040
        Telephone: 713-586-8862
        Fax: 713-586-8863

        ATTORNEY FOR PLAINTIFF